UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLIANCE OF THE SOUTHEAST and FRIENDS OF THE PARKS, | |
| Plaintiffs, | No. 23 C 1524 |
| v. | Judge Thomas M. Durkin |
| UNITED STATES ARMY CORPS OF ENGINEERS; | |
| LIEUTENANT GENERAL SCOTT A. SPELLMON, Chief of Engineers and Commanding General, U.S. Army Corps of Engineers; | |
| BRIGADIER GENERAL KIMBERLY PEEPLES, Commander and Division Engineer, Great Lakes and Ohio River Division, U.S. Army Corps of Engineers; and | |
| COLONEL PAUL CULBERSON, Commander and District Engineer, Chicago District, U.S. Army Corps of Engineers, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Plaintiffs bring a claim under the Administrative Procedure Act seeking judicial review of the decision of the U.S. Army Corps of Engineers approving construction of the Calumet Harbor Dredged Material Facility. *See* R. 81 at 1-2. The Corps withdrew that decision on March 10, 2025. *See* R. 106-1 at 2 (¶ 5); R. 106-1 at 18. Defendants have moved to dismiss arguing that Plaintiffs cannot state a claim for

review under the APA without the existence of a "final agency action." *See* 5 U.S.C. 704. Defendants rely primarily on the Seventh Circuit's decision in *Driftless Area Land Conservancy v. Rural Utilities Serv.*, 74 F.4th 489, 496 (7th Cir. 2023). In *Driftless*, the Seventh Circuit reversed the district court's grant on summary judgment to the plaintiffs who objected to a federal agency's decision granting a certain permit because the agency revoked the decision after the case was filed in the district court. The Seventh Circuit held that the case had to be dismissed because "a revoked permit lacks legal consequence," and therefore "a judicial decision is premature." *See id.* at 494.

Plaintiffs argue that *Driftless* is inapposite because there "the agency relied on an entirely different statutory provision to reinstate its action, thereby necessitating an entirely new legal analysis and administrative record." R. 108 at 11. Even if this is an accurate analysis of the difference between the circumstances in *Driftless* and in this case, that difference was not relevant to the Seventh Circuit's reasoning in ordering the case dismissed. The Seventh Circuit did not analyze the differences between the revised administrative process compared to the original process. The problem in *Driftless* was not that the revised process was too different from the original process. The problem was that the administrative process was no longer complete and embodied in a final decision. There is the same lack of a final decision in this case as there was in *Driftless*, so this case also must be dismissed.

Plaintiffs cite three cases that held that an agency's withdrawal of the final decision did not result in the need for dismissal of the claims under the APA. *See*

2

*United States v. Gov't of Virgin Islands*, 363 F.3d 276, 291 (3d Cir. 2004); *Eli Lilly & Co. v. United States Dep't of Health & Hum. Servs.*, 2021 WL 5039566, at *15 (S.D. Ind. Oct. 29, 2021); *Malama Makua v. Rumsfeld*, 136 F. Supp. 2d 1155, 1164 (D. Haw. 2001). Those courts held that the withdrawal of the final decision did not moot the case because the agency could always reinstate the final decision. And in those cases, the courts reached the merits of the claims under the APA despite the fact that the final decision at issue had been withdrawn.

Interestingly, the Seventh Circuit agrees with this analysis of whether the APA claims are moot. In *Driftless*, the Seventh Circuit took care to explain that the lack of a final decision did *not* mean that the case was moot. Rather, the Seventh Circuit explained that the revoked permit did not moot the case because "an agency's decision to change course does not moot a lawsuit when the change is not implemented by statute or regulation and could be changed again." 74 F.4th at 493. The Seventh Circuit noted that the agency had "not promised to never issue a new permit [in the future]." *Id.*

But unlike the three cases Plaintiffs cite, the Seventh Circuit explained that the fact that a live controversy survived withdrawal of the final decision did not mean that the court could ignore the statutory requirement provided in the APA that the decision to be adjudicated must be "final." According to the Seventh Circuit, a withdrawn decision cannot be final. To the extent the three other cases Plaintiffs cite are to the contrary, they are not persuasive in the face of binding Seventh Circuit precedent.

3

Notably, Plaintiffs have agreed to dismissal without prejudice under Federal Rule of Civil Procedure 41. But Plaintiffs do not merely stipulate to dismissal under Rule 41(a)(1)(A). Rather, they seek a Court order under Rule 41(a)(2) conditioning dismissal on the Court ordering the Corps close and cap the existing dredged materials site and never seek to expand that site. *See* R. 108-2 at 3. The problem with this request is that the conditions Plaintiffs seeks amount to a permanent injunction against the Corps. There is no basis for the Court to grant such relief. The purpose of Rule 41(a)(2) is not to provide an opportunity for a *plaintiff* to set conditions on its voluntary dismissal. Rather, the purpose of the Rule is for the *Court* to impose conditions on the plaintiff's dismissal to ensure that the dismissal is final. *See McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985).

In any case, because a final administrative decision no longer exists that can form the basis of a claim under the APA, Rule 12 and not Rule 41 is the proper vehicle to dispose of this case. Defendants point out that "the Seventh Circuit has not offered guidance on the appropriate mechanism to raise dismissal for lack of a final agency action under the APA," and they argue that "the Court should treat this argument as a factual challenge to jurisdiction [under Rule 12(b)(1)] for purposes of identifying the standard of review." R. 106 at 4. But the Court certainly has subject matter jurisdiction over claims brought pursuant to the APA. Instead, the Court finds that this circumstance—the Corps' withdrawal of the final decision—should be addressed as a supplemental pleading under Federal Rule of Civil Procedure 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a

4

supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). With the withdrawal of the final decision added as a supplemental pleading, the Court construes Defendants' motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). With the case dismissed under Rule 12(c), the Court certainly cannot grant injunctive relief to Plaintiffs.

Plaintiffs have "agreed" to dismissal "without prejudice." But as discussed, this "agreement" was conditioned on the Court's imposition of certain conditions on the Corps' future activity. And for the reasons discussed, such conditions are not proper. The "final decision" that formed the basis of Plaintiffs' claims no longer exists. Any future objection to any future decision by the Corps would create a new case or controversy under the APA, and presumably a new lawsuit, not a continuation of this case. Therefore, Defendants' motion to dismiss [105] is granted and this case is dismissed with prejudice.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 5, 2025

5